**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTHONY MAURICE SMALLS,

     Plaintiff - Appellant,

v.

SCOTT P. STERMER, Assistant Trustee,
Department of Justice, Office of the
Federal Detention Trustee, in his
individual and official capacity; D.T.
HININGER, STEVEN CONRY,
CHARLIE MARTIN, Representatives,
Corrections Corporation of America, in
their individual and official capacities;
SHELTON RICHARDSON, Warden,
CCA-Leavenworth, in his individual and
official capacity; J. MICHAEL
STOUFFERS, Commissioner, Maryland
Division of Corrections, in his individual
and official capacity,

     Defendants - Appellees.

No. 11-3113
(D.C. No. 10-CV-03025-JTM-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Plaintiff-Appellant Anthony Smalls appeals the district court's dismissal of his claims challenging the conditions of his confinement at the Leavenworth Detention Center ("LDC").  Having jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I.  Background

Smalls was convicted of several criminal offenses in Maryland state court, sentenced to life in prison plus thirty years, and committed to the custody of the Maryland Division of Corrections ("MDOC").  Pursuant to an agreement between MDOC and the federal government, MDOC transferred physical custody of Smalls to the U.S. Marshals Service ("USMS"), which assigned him to the federal detention center in Leavenworth, Kansas.  Smalls remained there for eleven months, from June 2009 through May 2010.

Smalls sued a number of federal and Maryland officials, in both their individual and official capacities, arguing that the conditions of his confinement at the LDC denied him due process/access to the courts and equal protection of the laws.  The district court dismissed Smalls's claims against all Defendants.  Smalls v. Stermer, No. 10-3025-JTM,

---

[1] The district court granted Smalls permission to pursue this appeal in forma pauperis. See 28 U.S.C. § 1915(a).  This court previously denied Smalls's motion for the appointment of counsel.  Since then, he has filed two additional motions seeking appointment of counsel.  We deny those motions, as well.  We grant Smalls's requests to file two supplemental briefs and we have considered those.  Defendants-Appellees have declined to file any brief.

2011 WL 1234781, at *13 (D. Kan. Mar. 31, 2011). Liberally construing his arguments, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), on appeal Small challenges only the dismissal of his claims asserted against Defendants Stouffers[2] and Richardson.

## II. Dismissal of Smalls's claims against Defendant Stouffers for lack of personal jurisdiction

The district court, acting pursuant to Fed. R. Civ. P. 12(b)(2), dismissed Smalls's claims against Defendant J. Michael Stouffers, the MDOC commissioner, without prejudice, concluding the federal court in Kansas did not have personal jurisdiction over him. Smalls, 2011 WL 1234781, at *1, *3-*4. We review questions of personal jurisdiction de novo. See ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1214 (10th Cir. 2011). Smalls bears the burden of establishing personal jurisdiction over Stouffers. See Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999). "When, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." Id. (internal quotation marks omitted).

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the

---

[2] The complaint refers to this defendant as both Stouffers and Stouffer; his own pleadings use Stouffer.

3

exercise of jurisdiction comports with due process." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted).  Smalls sued Stouffers under 42 U.S.C. § 1983, which "does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims," Trujillo, 465 F.3d at 1217.  Therefore, we look to Fed. R. Civ. P. 4(k)(1)(A), which in turn refers us to the Kansas long-arm statute.  See Trujillo, 465 F.3d at 1217.  Because the Kansas long-arm statute, Kan. Stat. § 60-308, "allow[s] jurisdiction to the full extent permitted by due process," TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd., 488 F.3d 1282, 1287 (10th Cir. 2007) (internal quotation marks omitted), the question presented here is whether exercising personal jurisdiction over Stouffers comports with due process.  See Trujillo, 465 F.3d at 1217.

"The exercise of jurisdiction over a nonresident defendant comports with due process so long as there exist minimum contacts between the defendant and the forum State."  Id. (internal quotation marks omitted).  "The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed [his] activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."[3]  Id. at 1218 (internal quotation marks omitted).

---

[3] "The minimum contacts standard is also justified, and a court may maintain general jurisdiction over a nonresident defendant, based on the defendant's continuous and systematic general business contacts in the forum state."  Trujillo, 465 F.3d at 1218 n.7. But Smalls has not alleged, nor is there any indication that he could allege, that Stouffers

4

Liberally construing his pleadings, Smalls alleged that Stouffers transferred him to federal custody, knowing the following: federal officials were placing Maryland inmates in the LDC; the LDC was generally a detention center for pretrial detainees and was, thus, not accustomed to holding convicted inmates such as Smalls; LDC officials were holding Maryland inmates in administrative segregation; and the LDC was not providing Maryland inmates with access to adequate legal resources. But the documents that Smalls attached to his complaint establish that it was federal officials, not Stouffers, who decided in what federal facility to place Smalls. In light of that, Stouffers did not purposefully direct his activities toward Kansas and thus would not have expected to be haled into court there. Cf. Hannon v. Beard, 524 F.3d 275, 284 (1st Cir. 2008) (holding Massachusetts courts had personal jurisdiction over director of Pennsylvania Department of Corrections based upon the director's own contacts with Massachusetts in arranging to transfer a Pennsylvania inmate to Massachusetts, where inmate's claim brought in Massachusetts court challenged that transfer as retaliatory). A party's purposeful availment of the privilege of conducting activities in the forum state cannot be "based on the unilateral actions of another party." Id. (internal quotation marks omitted). Therefore, the district court did not err in dismissing Smalls's claims against Stouffers without prejudice for lack of personal jurisdiction.

### III. Dismissal of Smalls's claims against Defendant Richardson for failing to state a claim upon which relief can be granted[4]

engaged in such systematic and continuous activity in Kansas.

[4] In affirming the district court's Rule 12(b)(6) determination that Smalls failed to state a

5

Defendant Shelton Richardson is the warden of the LDC and an employee of Corrections Corporation of America ("CCA"), which operates the LDC pursuant to a contract with the federal government. Pursuant to Fed. R. Civ. P. 12(b)(6), the district court dismissed Smalls's claims against him with prejudice, concluding Smalls had failed to state any claim upon which relief could be granted. Smalls, 2011 WL 1234781, at *6-*10. We review Rule 12(b)(6) dismissals "de novo, accepting factual allegations as true and considering them in the light most favorable to the plaintiff" Smalls. Tomlinson v. El Paso Corp., 653 F.3d 1281, 1285-86 (10th Cir. 2011), petition for cert. filed, (U.S. Dec. 22, 2011) (No. 11-795). Smalls alleged the following two claims against Richardson.[5]

## A. Richardson denied Smalls access to the courts

"[T]he fundamental constitutional right of access to the courts requires prison

---

claim upon which relief can be granted, we need not consider the district court's further conclusions that Smalls failed to exhaust his administrative remedies as to these claims and failed to allege that Defendant Richardson personally participated in the alleged constitutional violations. Smalls, 2011 WL 1234781, at *8, *11-*12.

[5] Although Smalls asserted these claims against Richardson under 42 U.S.C. § 1983, that statute only provides a cause of action against state actors. Because Richardson is not a state official but is acting under a contract with federal officials, the district court construed Smalls's allegations against Richardson as claims asserted under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Smalls, 2011 WL 1234781, at *7; see Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006) (noting that where Bivens applies, it is the "federal analog" to § 1983). Further, the district court assumed that Richardson, a CCA employee, is amenable to suit under Bivens. Smalls, 2011 WL 1234781, at *7. For our purposes here, we make the same assumption, without deciding the issue.

authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Smalls alleged that the legal resources Richardson provided the Maryland inmates, and the manner in which he provided those resources, deprived Smalls of access to the courts. To state such a claim, however, Smalls had to allege that he suffered an actual injury from Richardson's interference with his access to the courts; that is, Smalls had to allege that he "was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 351-55 (1996)).

Smalls alleged that he did suffer an actual injury. During the time he was housed at the LDC, Smalls, acting pro se, was seeking to reopen post-conviction proceedings in Maryland state court in order to challenge his criminal convictions. Smalls asserted that, because he could not conduct adequate research at the LDC, he was unable to challenge the timeliness and propriety of the State of Maryland's request for additional time to file a response to his petition to reopen those post-conviction proceedings. But such an injury is insufficient to state a claim for the denial of access to the courts. The fact that the Maryland court permitted the State additional time to answer Smalls's petition to reopen the post-conviction proceedings did not interfere with his ability to pursue the substantive relief he was seeking in state court. And Smalls alleged that he had already prepared his petition to reopen the state post-conviction proceedings before he was transferred to the

LDC. In any event, Smalls failed to show that his petition to reopen the state post-conviction proceedings was nonfrivolous. The district court, therefore, did not err in dismissing this claim under Rule 12(b)(6).

On appeal, Smalls asserts that the Maryland court has now denied his motion to reopen the Maryland post-conviction proceedings. But Smalls does not assert that the state court's denial was in any way linked to his claims that Richardson denied him access to the courts. See Simkins v. Bruce. 406 F.3d 1239, 1244 (10th Cir. 2005) (noting that an inmate would fail to allege the requisite actual injury where the underlying case was adversely decided on grounds unrelated to any alleged impediment created by prison officials). And any such conclusory allegation would be insufficient to establish the actual injury needed to support a claim for the denial of access to the courts. See Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006).

## B. Richardson denied Smalls equal protection

Smalls also alleged that Richardson denied him equal protection because Richardson housed him, and all of the transferred Maryland inmates, in administrative segregation. "Equal protection is essentially a direction that all persons similarly situated should be treated alike." Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir. 2006) (internal quotation marks omitted). Smalls appears to be alleging that Richardson treated him, and other transferred Maryland inmates, differently than Richardson treated the federal detainees also being held at the LDC. Because Smalls does not allege that this differing treatment was based upon his membership in a constitutionally protected class or that it

8

implicates a fundamental right, the LDC policy need only bear a rational relationship to a legitimate government purpose. See Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996) (per curiam). Therefore, in order to state an equal protection claim, Smalls had to allege that "the difference in treatment was not 'reasonably related to legitimate penological interests.'" Fogle, 435 F.3d at 1261 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Smalls has failed to make such allegations, and there is no indication in the record that he could make such allegations.

Smalls alleged that the LDC kept Maryland inmates in segregation as a result of an assault on LDC guards, carried out by other Maryland inmates and occurring before Smalls was transferred to the LDC. Smalls further alleged that the inmates chosen to be transferred to federal custody were disruptive, or suspected of being disruptive, in the Maryland prison system. There was, then, a legitimate penological reason for treating the Maryland transferees, such as Smalls, differently from federal detainees housed at the LDC. See Estate of DiMarco v. Wyo. Dep't of Corr., 473 F.3d 1334, 1342-43 (10th Cir. 2007) (noting safety is a legitimate penological interest that may justify segregation). And the policy of keeping Maryland transferees in segregation was rationally related to the legitimate penological interest of maintaining safety in the LDC. The district court, therefore, did not err in dismissing this claim under Rule 12(b)(6).

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's decision dismissing Smalls's claims against Defendants Stouffers and Richardson. We remind Smalls that he

9

remains obligated to make partial payments until the filing fees he incurred in this case are paid in full.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge